Meringolo & Associates, P.C.
375 Greenwich St.
New York, NY 10013
(212) 941-2077 / (212) 202-4936 fax

January 25, 2013

Honorable Laura Taylor Swain
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: <u>United States v. Jennifer Steakin</u>, 12 Cr. 37 (LTS)**

Dear Judge Swain:

  The following Memorandum is submitted in support of Defendant Jennifer Steakin (age 41), who was charged with two counts of Conspiracy to Distribute Oxycodone, and subsequently pled guilty to those counts on March 19, 2012 before the Honorable Kevin N. Fox. In lieu of the facts and circumstances surrounding her case, Ms. Steakin respectfully requests the Court to grant her a non-incarceration sentence pursuant to the factors outlined in 18 U.S.C. § 3553(a) and (b).

  Because the Sentencing Guidelines are merely advisory, the Court is empowered to use a fluid standard for determining Ms. Steakin's sentence and reducing it in light of the totality of the circumstances. The factors that the Court is directed to consider in imposing a sentence "no greater than necessary" (18 U.S.C. § 3553(a)) make a sentence below the Guidelines range appropriate in this case. As detailed below, a sentence of probation would sufficiently meet the goals of deterrence, punishment, rehabilitation, and protection of the community, while a sentence of incarceration would be unduly severe and would have an unwarranted and harsh impact on Ms. Steakin and her family unit.

  Ms. Steakin has accepted responsibility in this matter and admitted that she has committed a crime. Moreover, as detailed in the Presentence Report, Ms. Steakin has taken independent efforts to better her life and treat her drug addiction, the sole cause of her criminal misconduct.

**JENNIFER STEAKIN**

  Ms. Steakin was born on July 10, 1971 in Manhattan to Therese Friedman and Thomas Steakin. Ms. Steakin has three older siblings: Elizabeth Connolly, Dennis Steakin and Thomas Steakin. Thomas passed away in 2004 after suffering from meningitis. Ms. Steakin's father passed away in March 2000 from HIV. Ms. Steakin's mother, Therese, age 66, is remarried and is now living in Arizona. In 2005, Therese

1

received a double lung transplant resulting from emphysema and is currently on disability.

Ms. Steakin had a trying upbringing. Her father was a heroin addict. As a result, the Steakin household was plagued with arguing and fighting. Ms. Steakin's parents divorced when she was thirteen years old. Ms. Steakin has been battling drug addiction for her entire life. Ms. Steakin first tried alcohol and marijuana at age 12. Her use began as recreational (i.e., on the weekends) but by age 14, she was smoking marijuana everyday. By age 18, Ms. Steakin was using cocaine and by age 22, she started using the drug daily. From ages 23 to 38, Ms. Steakin also was using heroin daily. She became dependent on the drug and sought out methadone treatment on several occasions. Currently, she is receiving methadone treatment at Beth Israel Hospital and attends outpatient counseling at Day Top, a treatment facility in the Bronx. She has not smoked marijuana in ten years, has stopped drinking in 2010 and has abstained from cocaine use since September 2011. Ms. Steakin remains an active participant in her addiction recovery.

Ms. Steakin married Jerry Bridges, age 56, on March 4, 2011 at Bronx Supreme Court. Mr. Bridges is a disabled army veteran and was also charged in the Complaint against Ms. Steakin. Mr. Bridges pled guilty before the Honorable Paul J. Oetkin to Conspiracy to Obtain Possession of Oxycodone by Fraud on March 22, 2012. Mr. Bridges was sentenced on June 21, 2012 to three years' probation, $100 special assessment, and a $500 fine before the Honorable Paul J. Oetkin.

Mr. Bridges and Ms. Steakin have one child together – Justin Bridges – age 6. They currently reside in the Bronx in the same apartment Ms. Steakin has lived in for the past nine years. Ms. Steakin is currently unemployed and has been receiving government assistance since March 2012. For most of her life, she earned an income from "odd jobs" such as secretarial work, dog walking, babysitting and working for her aunt's contracting company. She had attended Our Lady of Perpetual Help, a secretarial school in New York City, but dropped out in the 11th grade. As a part of her treatment at Beth Israel, she attends computer courses three days a week. Through the help of this program, Ms. Steakin is bolstering her résumé and getting the opportunity to apply for jobs to support her family.

**PROCEDURAL BACKGROUND AND OFFENSE LEVEL CALCULATION**

Ms. Steakin pled guilty and waived indictment in this case pursuant to a written plea agreement. *See* Docket Entry 32.

Ms. Steakin's Sentencing Guidelines range is 151-188 months based on an offense level of 29 and a Criminal History Category of VI. We respectfully submit that the recommendation is based on an insufficient examination of the harm that Ms. Steakin's incarceration would cause to her health, sobriety efforts, and her family unit, and ask the Court to impose a sentence of probation based on an independent analysis of the factors outlined in 18 U.S.C. § 3553(a).

As previously noted, the Court is given substantial discretion with respect to sentencing, as the Sentencing Guidelines are advisory only. *United States v. Booker*, 125 U.S. 738, 756-59 (2005). Indeed, because the Court's analysis of the statutory factors in 18 U.S.C. § 3553(a) is now as central to the imposition of sentence as is the Guidelines calculation, we respectfully submit that a sentence of probation is warranted.

**A NON-INCARCERATION SENTENCE IS WARRANTED**

Ms. Steakin's case is one that warrants compassion from this Court and merits an alternative to incarceration. District Courts are not bound by the guideline range, but instead must "consider" it, along with the other factors set out in 18 U.S.C. §3553(a). The overriding mandate of sentencing under § 3553(a) is that courts must impose a sentence that is "sufficient, but not greater than necessary" to comply with the four purposes of sentencing set forth in § 3553(a)(2):

(A) Retribution ("to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense");

(B) Deterrence ("to afford adequate deterrence to criminal conduct");

(C) Incapacitation ("to protect the public from further crimes");

(D) Rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner").

*See 18 U.S.C. § 3553(a)*.

Moreover, the factors that must be considered when imposing a sentence according to 18 U.S.C. §3553(a) are as follows: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed; (3) the kinds of sentences available; (4) the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the U.S. Sentencing Guidelines; (5) any pertinent policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Specifically, Section 3553(A)(2)(B) provides that a sentence should "afford adequate deterrence to criminal conduct," while §3553(A)(2)(C) provides that a sentence should serve to "protect the public from further crimes of the defendant." The experience of this prosecution has been more than sufficient to deter Ms. Steakin from committing any future crimes. A non-prison sentence adequately satisfies the requirements of "no greater than necessary," as per 18 U.S.C. §3553(a); it will undoubtedly satisfy the statutory purposes of both deterrence and incapacitation while allowing Ms. Steakin to have the opportunity to continue her rehabilitation and sobriety.

Furthermore, incarceration is not an appropriate means of "promoting correction and rehabilitation," *See* 18 U.S.C. 3582(a). The Guidelines are to be considered as would any of the other sentencing factors under § 3553(a) – no particular factor is given greater weight. *See United States v. Crosby*, 397 F.3d 103, 113 (2nd Cir. 2005). Moreover, giving greater weight to the Guidelines range or affording the Guidelines range a presumption of reasonableness runs the risk of violating what *Booker* forbids, namely, sentencing a defendant on the basis of Guidelines factors found by a judge by a preponderance of the evidence, rather than by a jury beyond a reasonable doubt. *E.g., United States v. Biheiri*, 356 F.Supp.2d 589, 593 (E.D. Va. 2005); *United States v. Huerta-Rodriguez*, 355 F.Supp.2d 1019, 1025 (D. Nev. 2005). There is no basis to imprison Ms. Steakin for a prolonged period of time on any of the aforementioned grounds. Instead, "correction and rehabilitation" are best served through an alternative to incarceration, or a non-guidelines sentence. Without diminishing the seriousness of the offenses committed, Ms. Steakin's criminal conduct stems solely from her battles with drug addiction. If her addiction is successfully treated, her criminal rehabilitation will follow suit. Ms. Steakin has been responding well to methadone treatment and continues a path of sobriety, the surest prevention of recidivism and rehabilitation.

18 U.S.C. §3553(A)(3)(7) requires the court to evaluate "the kinds of sentences available," "the kinds of sentences and the sentencing range established for the applicable category of offense committed by the applicable category of the defendant as set forth in the guidelines," "any pertinent policy statements," "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," and "the need to provide restitution to any victims of the offense." There are a variety of sentences that are available to satisfy these requirements of which do not include incarceration. Because there is no mandatory minimum sentence and the Guidelines are only one of many factors that the Court must consider in fashioning the most appropriate sentence, this case warrants a non-guidelines sentence to satisfy the statutory considerations and take into account Ms. Steakin's circumstances. Furthermore, as explained previously, her husband and co-defendant, Mr. Bridges, received a sentence of three years' probation. While sentence disparities among defendants is just one factor to consider, the unique situation as to married co-defendants warrants a more careful consideration of any possible sentencing disproportions and how it may affect the family unit.

Finally, "this Court and other courts of appeals have recognized that a defendant's familial responsibilities may present such extraordinary circumstances that a downward departure in sentencing is necessary and permissible." *United States v. Sharpsteen*, 913 F.2d 59, 63 (2d Cir. 1990) (internal citation omitted). Ms. Steakin urges the Court to consider her extraordinary family circumstances under 18 U.S.C. § 3553(a). It is well settled that New York's federal courts have imposed non-incarceration sentences on individuals whose imprisonment would create exceptional and devastating consequences for their families. *United States v. Galante*, 111 F.3d 1029 (2d Cir. 1997).

The sentencing court may impose a sentence outside the range established by the applicable Guideline if "the court finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the

Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." 18 U.S.C. § 3553(b)(1). Although "family ties and responsibilities are not ordinarily relevant," to a sentencing decision, United States Sentencing Guidelines ("U.S.S.G.") § 5H1.6 Policy Statement, the Second Circuit has observed that the Guidelines permit a downward departure when family circumstances are extraordinary. *Galante*, 111 F.3d at 1032-33.

Ms. Steakin's family circumstances fit into such category. As stated previously, Ms. Steakin is the mother of Justin, a six-year old boy. Since her husband, Mr. Bridges, is disabled and unable to work, Ms. Steakin is the only adult with the physical capacity to maintain employment, which she is currently seeking to do. Without Ms. Steakin, the family unit has no chance of maintaining a living and will be relegated back to depending on public assistance indefinitely.

Based on the foregoing, Ms. Steakin requests a non-guidelines sentence. A non-prison sentence would preserve Ms. Steakin's ability to manage her methadone treatment, attend drug counseling, seek gainful employment, and maintain the family unit for her disabled husband and six-year old son. On the other hand, if Ms. Steakin were to be incarcerated, this would seriously compromise, and have a severely detrimental effect on her and her family's well-being.

In light of the foregoing application of the statutory factors to Ms. Steakin's criminal conduct, history, and character, Ms. Steakin respectfully requests a non-incarceration sentence. If Ms. Steakin were to be incarcerated, her future employability would be seriously compromised. Most importantly, her efforts at sobriety would be thwarted without the continued support, guidance, and healthcare she receives from her current methadone treatment program. A non-incarceration sentence would preserve Ms. Steakin's ability to care for her son, continue treatment for drug addiction, and hone skills necessary to employability: circumstances that provide the surest protection against recidivism and meet both the goals of the sentencing statute and the ends of justice.

Thank you for time and thoughtful consideration of this application.

Respectfully submitted,

\_\_\_\_/s/_____
John C. Meringolo, Esq.

CC:    AUSA Alvin Bragg